**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| STANELY WILCOX | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No.: |
| TRINITY MARINE PRODUCTS, INC., | ) | |
| | ) | |
| **Serve:**    CT Corporation System | ) | |
|     120 South Central Ave. | ) | |
|     Clayton, MO 63105 | ) | |
| | ) | |
|     Defendant. | ) | **JURY TRIAL REQUESTED** |

<u>**COMPLAINT**</u>

**COUNT I – AGE AND DISABILITY DISCRIMINATION**
**IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT**

**COMES NOW** Plaintiff Stanley Wilcox ("Plaintiff"), by and through his attorneys, and for Count I of his Complaint against Defendant Trinity Marine Products, Inc. ("Defendant"), states as follows:

1.    Plaintiff is a male Missouri citizen. At all times relevant herein, Plaintiff was an employee or former employee of Defendant.  Plaintiff resides in Pemiscot County, Missouri.

2.    Defendant is a foreign for-profit corporation with a manufacturing facility in Caruthersville, Pemiscot County, Missouri.

3.      Defendant is an employer, as defined by the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010(8), in that Defendant employs six (6) or more persons in the State of Missouri.

4.      Venue in this Court is proper pursuant to Mo. Rev. Stat. § 508.010(4) and/or Mo. Rev. Stat. § 213.111.1.

5.      Defendant employed Plaintiff as a Welder/Fitter from on or about January 19, 1998, to September 21, 2017.

6.      Plaintiff's date of birth is August 31, 1955. At all times relevant to the allegations in this Petition, Plaintiff was at least sixty-one (61) years old.

7.      During his employment, Plaintiff performed the duties and responsibilities of his job in a satisfactory manner.

8.      While at work on May 15, 2017, Plaintiff had difficulty breathing, was nauseous, and experienced numbness in his left arm. Plaintiff was rushed to the hospital and diagnosed with a heart condition.

9.      On or about May 21, 2017, Plaintiff had open heart surgery.

10.     Plaintiff's heart condition substantially limited one or more of his major life activities. However, after surgery, Plaintiff was able to return to work on July 24, 2017, and performed the essential functions of his job with or without reasonable accommodation.

11.     Defendant perceived Plaintiff as disabled when he returned from surgery in late July 2017.

12.     Based upon Plaintiff's heart condition and/or Defendant's perception of Plaintiff being a disabled person and/or Plaintiff's record of a disability, Plaintiff had a "disability" as defined under Mo. Rev. Stat. § 213.010(5).

13.     On September 21, 2017, Defendant terminated Plaintiff's employment.

14.     Defendant knew about Plaintiff's heart condition and his open-heart surgery when it terminated Plaintiff.

15.     At the time of his termination, Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

16.     Plaintiff's disability was a factor in Defendant's decision to terminate Plaintiff's employment. Defendant's termination of Plaintiff therefore violated Mo. Rev. Stat. § 213.055.

17.     Plaintiff was sixty-two (62) years old at the time of his termination.

18.     Plaintiff's age was a factor in Defendant's decision to terminate Plaintiff's employment. Defendant's termination of Plaintiff therefore violated Mo. Rev. Stat. § 213.055.

19.     On information and belief, Defendant laid off a number of other older workers who were over the age of forty (40) on or about the same day as Plaintiff's termination and has not offered them positions with Defendant, even when their positions became open again.

20.     Plaintiff experienced severe emotional distress as a result of losing his employment.

21.     As a result of being terminated, Plaintiff lost health insurance coverage which made it difficult to manage his heart condition and other health conditions.

22.     Defendant eventually offered Plaintiff his position back, pending a physical, in the summer of 2018. However, due to his deteriorating health conditions, Plaintiff could not accept.

23.     On March 1, 2018, Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and Missouri Commission on Human Rights ("MCHR"). The EEOC docketed Plaintiff's charge as 560-2018-01165. The MCHR docketed Plaintiff's charge as Charge No. FE-3/18-28781.

24.     On July 23, 2018, the EEOC issued Plaintiff a Notice of Right to Sue for Charge No. 560-2018-01165. A copy of the Notice is attached hereto as Exhibit 1.

25.     On August 29, 2018, the MCHR issued Plaintiff a Notice of Right to Sue for Charge No. FE-3/18-28781. A copy of the Notice is attached hereto as Exhibit 2.

26.     Plaintiff has filed this action within ninety (90) days of the date on the Notices and within two (2) years of the last act of discrimination.

27.     As a result of Defendant's actions and conduct, Plaintiff has suffered lost wages and benefits of employment, the loss of retirement benefits, and will continue to suffer lost wages and benefits in the future.

28.     As a result of Defendant's actions and conduct, Plaintiff has suffered emotional distress and mental anguish.

29.     As a result of Defendant's actions and conduct, Plaintiff has incurred attorney's fees and costs of litigation, and will continue to incur such fees and costs.

30.     Defendant's conduct was outrageous because of Defendant's evil motive or reckless disregard of Plaintiff's rights, and such conduct warrants an award of punitive damages to deter Defendant and others from such future like conduct.

WHEREFORE, Plaintiff prays that this Court, after trial by jury, find for Plaintiff and against Defendant, and enters judgment for Plaintiff in excess of $25,000, for Plaintiff's lost wages and benefits of employment, prejudgment interest on same; future lost wages and benefits; for front pay; for emotional distress, punitive damages, attorney's fees and costs of litigation; that this Court order injunctive relief, and for such other relief that this Court deems just and proper.

## COUNT II

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

31.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 as if set forth in full herein.

32.     Jurisdiction of this Court is involved pursuant to 28 U.S.C. § 1331 in that this action arises under laws of the United States.

33.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 in that the events or omissions giving rise to this action occurred in the Eastern District, Southeastern Division.

34.     At all times material hereto, Plaintiff, as an employee, and Defendant, as his employer, were covered by and within the meaning of Title I of the Americans with Disabilities Act (the "ADA"), 42 USC § 12111(4) and (5).

35.     At all times material hereto, Plaintiff was an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(1)(A), in that he was a person with a heart condition that substantially limited one or more major life activities including cardiovascular function.

36.     At all times material hereto, Plaintiff was an individual with a record of a disability within the meaning of the ADA, 42 U.S.C. § 12102(1)(B).

37.     At all times material hereto, Defendant regarded Plaintiff as having a disability within the meaning of the ADA, 42 U.S.C. § 12102(1)(C).

38.     Plaintiff's disability, and/or record of disability, and/or Defendant's perception that Plaintiff was disabled factored into Defendant's decision to terminate Plaintiff's employment.

39.     Defendants actions were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

40.     As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged herein, Plaintiff's terms, conditions, and privileges of employment were adversely affected.

41.     As a result of Defendant's actions and conduct, Plaintiff suffered lost wages and benefits of employment, the loss of retirement benefits, and will continue to suffer lost wages and benefits in the future.

42.     As a result of Defendant's actions and conduct, Plaintiff suffered emotional distress and mental anguish.

43.     As a result of Defendant's actions and conduct, Plaintiff incurred attorney's fees and costs of litigation, and will continue to incur such fees and costs.

**WHEREFORE**, Plaintiff prays that this Court, after trial by jury, find for Plaintiff and against Defendant, and enters judgment for Plaintiff in excess of $25,000, for Plaintiff's lost wages and benefits of employment, prejudgment interest on same; future lost wages and benefits; for front pay; for emotional distress and mental anguish, punitive damages, attorney's fees and costs of litigation; that this Court order injunctive relief, and for such other relief that this Court deems just and proper.

DOBSON, GOLDBERG, BERNS & RICH, LLP

By: /s/ Jerome J. Dobson
        Jerome J. Dobson, #33215
        Amanda D. Anthony, #57834MO
        5017 Washington Place, Third Floor
        St. Louis, MO 63108
        (314) 621-8363
        (314) 621-8366 Fax
        jdobson@dobsongoldberg.com
        manthony@dobsongoldberg.com

*Attorneys for Plaintiff*